IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV9-03-MU

| | |
|---|---|
| TERRY GILMORE,           ) | |
|                                 ) | |
|      Petitioner,     ) | |
|                               ) | |
|      v.              ) | **O R D E R** |
|                               ) | |
| A. HATHAWAY,         ) | |
|                               ) | |
|      Respondent.    ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner Terry Gilmore's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed on January 9, 2007 pursuant to 28 U.S.C. § 2254 (Document No. 1.) For the reasons stated herein, the instant Petition will be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the Petitioner's Petition reveals that Petitioner was convicted following a jury trial of first degree murder, armed robbery and burglary in the first degree. Petitioner was sentenced on December 4, 2006. Following his conviction, Petitioner filed a direct appeal to the North Carolina Court of Appeals. According to Petitioner's Petition, his direct appeal has not yet been decided and is still pending. Other than his direct appeal, Petitioner has not filed any other petitions, applications or motions concerning his judgment of conviction in any state court.

### II. ANALYSIS

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before

Dockets.Justia.com

seeking federal habeas corpus relief.  See 28 U.S.C. § 2254(b).  Comity dictates that when a prisoner alleges that his confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review the claim and provide any necessary relief.  Rose v. Lundy, 455 U.S. 509, 515-516 (1982).  The petitioner bears the burden of proving exhaustion.  See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).  A petitioner may satisfy the exhaustion requirement by fairly presenting his claims in state court.  To satisfy the fair presentation requirement, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  Id. at 845.  If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted . . ..  Id. at 844.

      Here, Petitioner did file a direct appeal following his conviction.  However, the North Carolina Court of Appeals has not yet decided Petitioner's appeal, Therefore, Petitioner has not completed one round of North Carolina's appellate review process.  Petitioner's Petition is therefore unexhausted and his petition is dismissed.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: January 10, 2007

Graham C. Mullen
United States District Judge